FILED
United States Court of Appeals
Tenth Circuit

July 7, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DJUAN PRESTON WILLIAMS,

    Plaintiff - Appellant,

v.

STATE OF OKLAHOMA; OESC,
oesc.ok.gov; RONALD MASSON, Acct.
Executive, Prime Media Production; BILL
WIELAND, Co-GM, Sonic Drive-in;
AMY FLORES, Business Owner; GALEN
H. PELTON, CEO/President; KAY
RICHARDS, Kiowa County Court Clerk;
MARTIN LONG; GRANT COUNTY,
KANSAS,

    Defendants - Appellees.

No. 21-3089
(D.C. No. 6:20-CV-01224-JWB-GEB)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BRISCOE**, and **PHILLIPS**, Circuit Judges.
_____

---

    [*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Djuan Preston Williams, proceeding pro se, appeals the district court's dismissal of his complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(ii). We affirm.

## I. BACKGROUND

### 1. Complaint and "Additional Exhibits"

Mr. Williams sued the State of Oklahoma, the Oklahoma Employment Security Committee, Grant County, Kansas, and several individuals in federal district court. He alleged as follows:

> From 05/21/2020 to the present date Defendant(s) engaged in unethical corrupt behavior to disrupt the lives and livelihood of the Plaintiffs, w/ Employment Discrimination, Religious Discrimination, Title VII of Civil Rights of 1964, including violation of the Fair Credit Reporting Act.

ROA, Vol. 1 at 8. He sought about $200,000 in damages.

Mr. Williams attached to his complaint "additional exhibits," including copies of "Uniform Warning Notice[s] and Equipment Repair Order[s]" from the city of Ulysses, Kansas; a receipt from the Court Clerk of Okmulgee County, Oklahoma; the docket sheet from a prior civil action in the Western District of Oklahoma in which Mr. Williams was the plaintiff; and filings from a divorce action in Grant County, Kansas. Mr. Williams later filed more "additional exhibits," including other "Uniform Warning Notice[s] and Equipment Repair Order[s]," and other filings from the divorce action.

2

### 2. **Report and Recommendation**

When Mr. Williams filed his complaint, he moved to proceed *in forma pauperis*. The district court referred Mr. Williams's complaint for screening by a magistrate judge under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 636(b)(1)(B). The magistrate judge issued a report and recommendation ("R&R") recommending dismissal of the complaint.

Liberally construing the complaint and its exhibits, the magistrate judge concluded Mr. Williams had not stated a claim. He had "fail[ed] to provide any specific factual support for his allegations against the wide ranging Defendants." ROA, Vol. 1 at 69. And Mr. Williams's "additional exhibits" were offered "without any explanation or discernable meaning." *Id.* at 70. On his claim under Title VII of the Civil Rights Act of 1964, he had failed to allege administrative exhaustion. As to the Fair Credit Reporting Act claim, "Defendants are not credit reporting agencies against which a private cause of action is permitted." *Id.*

### 3. **Mr. Williams's Objection to the R&R**

Mr. Williams objected to the R&R. His objection did not identify any errors in the magistrate judge's reasoning. He instead offered additional facts not alleged in the complaint, and argued that the R&R was "purely based on [the magistrate judge's] self opinionated Recommendations." App. at 80.

3

4.  **Adoption of the R&R**

The district court adopted the R&R. It held that Mr. Williams's objections were improper because they were unresponsive to the R&R. The court dismissed Mr. Williams's claims and entered final judgment.

Mr. Williams timely appeals.

## II. **DISCUSSION**

Mr. Williams's arguments on appeal are unpersuasive.

First, he contends that he adequately alleged claims for relief, and that the district court misconstrued the facts. We disagree. Because Mr. Williams represented himself, we must liberally construe his complaint. *Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018). We also must consider the exhibits to Mr. Williams's complaint. *Id.* But even as a self-represented party, Mr. Williams "bears the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* (quotations omitted). We agree with the district court that Mr. Williams's limited allegations and his unexplained "additional exhibits" do not state a cognizable claim. He fails to explain in his appellate brief how the district court erred.

Second, Mr. Williams argues the district court's decision to adopt the magistrate judge's R&R was arbitrary or showed racial bias. He has provided no record support for this argument.

## III. **CONCLUSION**

We affirm the district court's dismissal of Mr. Williams's complaint.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge